## No. A-CV-36-83

# Court of Appeals of the Navajo Nation

Melvin T. Chavez, *Appellant,*

*vs.*

Carole Thomas, *Appellee.*

Decided March 21, 1985

## OPINION

*Before McCabe, Chief Justice, Neswood and Bradley, Associate Justices.*

*James Jay Mason, Esquire, Gallup, New Mexico for Appellant; and Nona Lou Etsitty, Esquire, Window Rock, Navajo Nation (AZ) for Appellee.*

This matter came before the Court for oral argument on November 16, 1984. It arose originally in the trial court upon a Petition for Paternity and Child Support.

On November 29, 1983, the trial court entered a judgment finding appellant to be the biological father of appellee's minor child. A Notice of Appeal was filed from that judgment. Thereafter a Motion for New Trial on the basis of newly discovered evidence was filed with the trial court. That motion was denied and a Notice of Appeal was filed from that denial. The two Court of Appeals cases were consolidated and an appeal was allowed.

The Petition for Paternity and Child Support was filed on October 6, 1982. On February 24, 1983, the parties and the minor child submitted themselves to an HLA Blood Test. The results of that test gave the probability of appellant being the father at 76.2 percent. On June 22, 1983, the parties and the minor child submitted to a Red Blood Cell Test. The report of that test indicates six matching systems were used. Under five of these systems the probability of paternity was 68.9 percent. The sixth, the Kidd system, showed an apparent exclusion. Under the Kidd system, appellant was positive for $JK^b$ and negative for $JK^a$. Under the presumption that such a result makes both of appellant's genes identical for $JK^b$, all offspring of

such a person are expected to inherit the $JK^b$ marker. In some cases a rare gene at the Kidd locus has been found in Amerindians in Brazil. The presence of this rare gene in the appellant could change the expectation of finding the $JK^b$ in the minor child.

The $JK^b$ marker was not found in the minor child. The report of the Red Blood Cell Test stated that this result can be taken as evidence that appellant is not the father of the minor child or that both have a rare gene which would suggest paternity.

On June 28, 1983, counsel for both parties placed a call to Arizona Blood Services regarding the report from the lab. At that time counsel were informed that the only manner of determination whether appellant had such a rare gene would be to do a blood test upon appellant's parents.

Appellant's parents refused to have the tests. The case went to trial on November 3, 1983. On November 30, 1983, the trial court entered judgment in which appellant was found to be the father. The trial court ruled that only tests establishing non-paternity should be admitted in paternity cases. Accordingly, the trial court refused to give any weight to the results of either test.

After the trial, appellant's parents agreed to submit to the tests. These were done on December 13, 1983. An affidavit signed by Robert C. Williams, Director of the Histocompatibility Unit of Arizona Blood Services stated that as a result of the December 13, 1983, testing of appellant's parents, appellant could be excluded as father of the minor child.

On December 28, 1983, appellant filed a Motion for Reconsideration and New Trial on the basis of the affidavit of Robert Williams.

The Motion for New Trial was denied and appellant filed his Notice of Appeal.

The appeal was allowed on two questions of law:

1. Whether the trial court erred in the weight given to the results of the two blood tests of the parties and the minor child;

2. Whether the trial court erred in denying the Motion for New Trial.

*Phillips* v. *Farley,* 1 Nav. R. 69, 70 (1972), (hereafter referred to as *Phillips*), establishes the requirements for granting a Motion for New Trial on the grounds of newly discovered evidence. Those requirements are that the evidence:

1. Must be such as would probably change the result on a new trial;

2. Must have been discovered since the trial;

3. Must be of such a nature that it could not have been discovered before trial by due diligence;

4. Must be material; and

5. Must not be merely cumulative or impeaching.

At oral argument of this case there was some discussion of whether all the requirements of *Phillips* have to be met or whether the existence of one element is sufficient to grant a motion for new trial on the basis of newly discovered evidence. This Court holds that all five requirements set forth in *Phillips* must be present. The Court further holds that all five requirements were present in this matter.

Evidence which would exclude appellant as father of the minor child would probably change the result on a new trial. The evidence was discovered after trial as it was only after trial that appellant's parents consented to the blood tests and the results of those tests were made known. The evidence could not have been discovered prior to trial. Appellant had no power to compel his parents to submit to the tests and therefore the evidence was not in his control. The failure of appellant's parents to consent to the blood test cannot, in this case, be ascribed to a lack of diligence on the part of the appellant. The evidence is certainly material to the issue of paternity and is not cumulative or impeaching as there was no evidence presented at trial as to the blood composition of the appellant's parents.

The granting of a motion for new trial on the basis of newly discovered evidence does not in itself constitute a ruling in advance on the admission of such evidence or the weight to be given to such evidence. Proponent must still present the evidence in a proper and admissible fashion and the trier of fact must still determine the weight to be given to the evidence presented to the court at new trial.

At new trial the trial shall be only upon the evidence of the blood tests performed upon the parties, the minor child, and appellant's parents by Arizona Blood Testing Services unless the trial court finds that fairness and justice to all the parties requires that there be a complete rehearing as to all evidence.

As the new trial may dispose of all questions regarding the weight to be given to blood tests, the Court at this time makes no decision upon that issue. Upon final judgment at new trial, the parties will have the right to raise on appeal the issues of sufficiency of the evidence and the weight to be given to the evidence.

It is therefore Ordered that this case be and hereby is remanded to the trial court for new trial consistent with this order.